IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02240-WDM-BNB

JAMES LOUIS JEWELL,

Plaintiff,

v.

QWEST, et al.,

Defendants.
_____

## ORDER
_____

This matter is before me on the plaintiff's Complaint [Doc. #2, filed 11/8/06]. For the following reasons, the Complaint is STRICKEN, and the plaintiff is directed to submit an amended complaint which complies with Fed.R.Civ.P. 8.

The Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore

the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff's Complaint begins with a cover page addressed to "THE JUDGES OF THE COURTS, JUDGE BOLAND AND CLERK LANGHAM." The cover page states that the parties to the action are "PATENT ATTORNEY JAMES LOUIS JEWELL V. SOCAIL [sic] SECURITY, 'PATENTS' PAID FROM RUSSIA, AND 1616 CHAMPA, DENVER, COLORADO, 80202." The cover page consists of four unintelligible paragraphs. For example, the third paragraph states:

> THIS IS A [sic] IMPORTANT MOTION FOR COURT ORDERS FOR THE DANGEROUS THREATS AND TALKING AND LISTENING AND SPYS [sic] FROM DENVER BRONCOS N.F.L. FOTBALL, [sic] NATIONAL FOOTBALL, ABOUT BOBBIE JO AND HELEN HIGHTOWER AND OTHERS. THIS DENGEROUS [sic] SPYING FOLLOWING, LISTENING TALKING AND TINKING [sic] IS TO STOP BY COURT ORDERS OF THE COURT FOR <u>MURDER TO POLICE</u>, <u>HIGHWAY PATROL</u>, <u>F.B.I.</u>, AND <u>SHERIFFS</u>. BY <u>COURT ORDERS</u>.

(emphasis in original).

The cover page is followed by the plaintiff's "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915."[1] The Motion is followed by a Complaint which is submitted on the Court's form. The caption of the Complaint lists as defendants "Q WEST THE TELEPHONE COMPANY, HELEN HIGHTOWER, THE DANGEROUS THEATS [sic] AND MURDERER, GARY MARKWICH SO MY SKIN TURNS WHITE, ASIAN TREASURE THEDATING [sic] SERVICE".

---

[1] The "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" was denied as moot by separate order.

On the following page, the form requires the plaintiff to provide the addresses of all of the defendants. The plaintiff lists two defendants: "Q WEST" and "QWEST THE PHONE COMPANY". The plaintiff does not provide addresses for these defendants. He states only that they are citizens of "DENVER AND U.S.A."

The form then requires the plaintiff to briefly state the background of his case. In response, the plaintiff states "TO HAVE LOW COST PHONE SERVICE FOR DENVER CALLS AND LONG DISTANCE".

On pages three through five of the Complaint form, the plaintiff is required to state his claims for relief and any supporting factual allegations. The statement of claims is unintelligible.

The first paragraph of Claim One is illustrative of the plaintiff's description of his claims for relief:

> THIS FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATION. [sic] IS COURT FOR MOTION FOR COURT ORDERS FOR MY <u>AUTOMATIC TRANSMISSIONS</u>. BETTER THAN THE OLD MUTI [sic] - SPEED TRASMISSION [sic] USED THE THE [sic] BIG RIG TRACTOR TRAILOR [SIC] TRUCKS BIG RIGS. THIS COURT ORDER <u>IMPORTANT GOOD EQUIPMENT</u> FOR ALL <u>MOTOR</u> [SIC] <u>VEHICALS</u> [sic] IN THE <u>UNITED STATES OF AMERICA</u>.

*Complaint*, p. 4.

It is impossible to determine the identity of the defendants or the substance of the plaintiff's claims. The Complaint fails to provide notice of the plaintiff's causes of action as required by Rule 8.

The plaintiff is proceeding *pro se*.[2] Although I must liberally construe the pleadings of the

---

[2] I note, however, that although plaintiff is proceeding *pro se*, he asserts that he is a patent attorney. *Cover Page to Complaint*.

*pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

IT IS ORDERED that the Complaint is STRICKEN for failure to comply with Fed. R. Civ. P. 8.

IT IS FURTHER ORDERED that the plaintiff shall have until **December 6, 2006**, to submit a complaint which complies with Fed.R.Civ.P. 8. The defendants' names shall be clearly stated in the caption of the amended complaint. The defendants' names and addresses shall be clearly stated in the section entitled "Parties." The background statement shall clearly and briefly summarize the plaintiff's case. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief.

IT IS FURTHER ORDERED that failure to comply with this Order may result in a recommendation that the plaintiff's case be dismissed.

Dated November 16, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge