IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02240-WDM-BNB

JAMES LOUIS JEWELL,

Plaintiff,

v.

QWEST, et al.,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff, proceeding *pro se*, commenced this action on November 8, 2006, by filing a Complaint [Doc. #2]. On November 16, 2006, I issued an order striking the Complaint for failure to comply with Rule 8, Fed. R. Civ. P., and I directed the plaintiff to submit an amended complaint which complies with Rule 8 on or before December 6, 2006. *Order issued November 16, 2006* [Doc. #6]. I warned the plaintiff that failure to comply with my order could result in a recommendation that this action be dismissed.

The plaintiff did not submit an amended complaint. Local Rule of Practice 41.1, D.C.COLO.LCivR., provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice.

I ordered the plaintiff to show cause on or before December 27, 2006, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to comply with the

Federal Rules of Civil Procedure and for failure to comply with my orders regarding the filing of an amended complaint. The plaintiff did not respond to the show cause order. Accordingly,

I respectfully RECOMMEND that this action be DISMISSED without prejudice pursuant to D.C.COLO.LCivR 41.1 for failure to comply with the Federal Rules of Civil Procedure and for failure to comply with my orders regarding the filing of an amended complaint.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 18, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge